STATE OF VERMONT

ENVIRONMENTAL COURT



|  | } |  |
|---|---|---|
| In re: Appeal of Valois | } | Docket No. 226-12-04 Vtec |
|  | } |  |
|  | } |  |

<u>Decision and Order on Motion for Partial Summary Judgment</u>

Appellant-Applicant Paul Valois (Applicant) appealed from a decision of the Planning Commission of the Town of Addison, denying his application for approval of a site development plan to construct a private airplane landing strip on his residential property. Applicant is represented by Marsha Smith Meekins, Esq.; Appellee Town is represented by Donald R. Powers, Esq. Interested persons Deborah and Leon Laframboise and Janice and Pierre Barre appeared and represent themselves.

Applicant moved for summary judgment on Question 3 of the Statement of Questions: whether a private landing strip falls within the use category of 'private recreation facility' in the Zoning Regulations or some other use category. No party filed a responsive memorandum. The following facts are undisputed unless otherwise noted.

Applicant owns a 23.3-acre residential property in the Low-Density Residential and Agricultural (LDRA-5) zoning district of the Town of Addison, with frontage on Vermont Route 22A. Applicant proposes to construct a private, restricted access, 1,100-foot-long airplane landing strip on his property to be used solely by him for flying his private small airplane to the property for alternative access to his residential property.

Applicant first applied for a zoning permit. A copy of the application has not been provided to the Court in connection with Applicant's motion; however, from references in Exhibit B, it appears to have been filed as a permitted use under the use category of "recreation" in §702.[1] Because Appellee-Applicant appears to be requesting only personal

_____

[1] The permitted use categories in the LDRA-5 zoning district are: agriculture and forest uses; one-family dwellings; recreational indoor; church, parish house or other religious use; school, college, library, museum or other similar institution operated by governmental unit or private organization; community center, hall, lodge, club, park, or

1

use of the airstrip in connection with his residential use of the property on the same lot, it might have been appropriately filed as an application for an accessory to the permitted single-family dwelling use already on the lot, if he could show that it is "customarily incidental and subordinate to" that principal single-family residential use of the lot.

However, the Zoning Administrator did not rule on whether the application fell within the permitted use category of "recreation" or any other permitted or conditional use category. Rather, the Zoning Administrator simply postponed consideration of the zoning permit application until the proposal would have first obtained site development plan approval from the Planning Commission. Site development plan approval is a prerequisite to issuance of a zoning permit for all uses other than one- and two-family dwellings and farm buildings. §360.

As reflected in the minutes of the Planning Commission, the Commission denied the application for site development plan approval not on the basis of any of the site plan approval criteria in §362, but instead on the basis that the proposed use "does not fit as an approved outdoor recreation facility as defined in the Zoning Regulations."

Strictly speaking, the question of whether the proposed use falls within that permitted use category was not properly before the Planning Commission. Under §362 of the ordinance, the Planning Commission, and hence this Court, can consider and impose conditions only relating to the adequacy of traffic access, circulation, parking, landscaping and screening, by taking into consideration six listed objectives: harmonious relationship with existing adjacent uses; maximum safety of vehicular circulation between the site and the street network; adequacy of on-site circulation and parking; adequacy of landscaping, screening and setbacks in regard to achieving maximum compatibility with and protection to adjacent property; freedom from flooding and ponding; and adequacy of water supply and sewage disposal. It is not within the purview of the Planning Commission under §362 to determine whether a proposal falls within a particular use category.

---

recreational area operated on a non-profit basis; essential public utility buildings and facilities; recreation; and home occupation.

2

Rather, the question of the appropriate use category for a proposed project would come to the Court, if at all, as an appeal from the Zoning Board of Adjustment (ZBA), either because the application was made initially to the ZBA for conditional use approval (of a use claimed to fall within a conditional use category), or because, as here, the application was made initially to the Zoning Administrator for an asserted permitted use and then would be appealed to the ZBA. It could be appealed to the ZBA by an unsuccessful applicant from a ruling by the Zoning Administrator that the proposed use does not fall within a permitted use category, or it could be appealed to the ZBA by an interested party from the grant of a permit by the Zoning Administrator.

Therefore, all that the Court can address in this appeal is the merits of the site development plan approval application under the criteria in §§360-362. We will set the matter for a pretrial conference to prepare it for trial on the site development plan application. However, to avoid an unnecessary round of appeals, we note that we have already interpreted the definition of [outdoor] recreation in the Addison Zoning Ordinance to be exclusive of motorized recreation. In re: Appeal of Spencer, Docket No. 24-2-98 Vtec (Vt. Envtl. Ct., May 17, 1999), slip op. at 4–5. In the present motion, Applicant has not shown any reason for the Court to change that interpretation.

The Zoning Ordinance defines "recreation" in Article VIII as follows: "<u>includes</u> publicly and privately owned and operated playground, playfield, park, open space, swimming pool and skating rink." (Emphasis added.) As we reasoned in <u>Appeal of Spencer</u>, at 4-5:

> The Addison Zoning Regulations contain certain definitions using the term "includes," without making clear whether the intent is to mean "including but not limited to." The terms community center, dormitory, public assembly, recreation, and religious institution are defined simply using the term "includes." Other terms are defined explicitly to cover other similar uses, by the use of the phrase "including but not limited to" or the phrase "and other similar uses," as in the definitions of agricultural sales, bakery, gasoline or service station, hospital, personal services, professional office, and indoor recreation. Although the distinction is an awkward one, the drafters of the Addison Zoning regulations apparently distinguished between definitions by example, and definitions which contain an exclusive list. The term [outdoor] recreation falls into the category of a definition providing an exclusive list.
> In any event, even if the [outdoor] recreation definition incorporated the

3

"other similar uses" language, all the listed uses describe recreation which does not require internal combustion engines or electric motors. We must conclude that the definition of outdoor recreation excludes such uses as racing car speedways, snowmobile or off-road vehicle tracks, motorboat marinas, and airstrips.

The presence of the term "open space" in the definition of "recreation" does not change this result, as the listed uses nevertheless only include the use of open land for non-motorized purposes.

Applicant points out that his property is located in a district that does not specifically prohibit the use of a private landing strip for non-commercial aircraft. While the Zoning Ordinance is silent as to that specific use, it also provides in §240 that "any use not permitted by these Regulations shall be deemed prohibited." Thus, in this particular ordinance, uses not specifically provided for, either by being listed or by being included in an "other similar uses" category, are prohibited by operation of §240.

As discussed above, it is possible that the landing strip may qualify as an accessory use to Applicant's single-family residence. In order to be considered an "accessory use," it must be "customarily incidental and subordinate to" the principal use. See, generally, In re: Appeal of Stanak & Mulvaney, Docket No. 114-7-01 (Vt. Envtl. Ct., Feb. 28, 2002), slip op. at 4–5. In any appeal from the Zoning Administrator's action on a zoning permit in this use category, Applicant will have to show whether a private, 1,100-foot-long airstrip is "customarily incidental to" a private residence and whether this use is "subordinate to" Applicant's single-family residence use.

Because those issues are not before the Court in this site development plan appeal, in the telephone conference scheduled to discuss setting the merits of this appeal for trial (see enclosed notice), the parties should be prepared to discuss whether any application to the Zoning Administrator for a determination of the use category of this application will be made, whether it may be appealed to the ZBA, and whether any hearing on the merits of the above-captioned appeal should be scheduled in conjunction with such a related appeal. The parties should also be prepared to discuss whether mediation would be useful at this stage of the proceedings, bearing in mind that, if it were to qualify as an accessory

4

use, the parties may be able to agree to limitations on the proposed use[2] that would not be possible for the Court to impose unless the proposal fell within a conditional use category rather than a permitted use category.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant-Applicant's Motion for Partial Summary Judgment is DENIED. A telephone conference has been scheduled as provided in the enclosed notice.

Done at Berlin, Vermont, this 24th day of August, 2005.

_____
Merideth Wright
Environmental Judge

---

[2] For example, limitations on use by any planes other than Applicant's own, or limitations on hours of use, or on number of landings per day or per week.